# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CAROL PLATT CAGAN,

        Plaintiff,

vs.                                                No. Civ. 99-137 SC/LFG

JEREMY WILKINSON, KAYLAN
BRYAN, JWP INTERNATIONAL,
INC., a California corporation, and
JOHN DOES NOS. 1-10,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court *sua sponte*. On October 19, 1999, Plaintiff filed a Motion for Entry of Default [Doc. No. 10] against Defendants Wilkinson and JWP International, Inc. In response, pursuant to Federal Rule of Civil Procedure 55(a), a Clerk's Entry of Default was filed on the same date [Doc. No. 11] by the Clerk of the Court as to Defendants Wilkinson and JWP International, Inc. For the reasons set forth below, the Court shall set aside the Clerk's Entry of Default and shall transfer this case to the United States District Court for the Central District of California.

Plaintiff is a New Mexico resident and appears *pro se*. Defendants are residents or domiciliaries of California. Plaintiff seeks a declaratory judgment and damages in excess of $75,000 against some or all of Defendants[1] for tortious interference with contract,

---

[1] The term "Defendants" shall refer to the Defendants collectively, even though the identities or roles of some of the Defendants are unknown and an individual Defendant may not be named in a specific

abuse of process, civil conspiracy, and fraud and misrepresentation. In August 1997, Plaintiff and Defendants entered into a Lease-Option Agreement (the Agreement) for certain property in Manhattan Beach, California, owned by Plaintiff. Pursuant to the Agreement and according to a stated schedule, Defendants were to pay Plaintiff an option payment, a monthly rental payment, and a security deposit. In addition, if Defendants elected to exercise their option to purchase the property, for a set price, they had to notify Plaintiff of such election on or before April 1, 1998, and close on or before May 31, 1998. This suit results from Defendants' alleged failure to make the required payments, Defendants' alleged defective and/or fraudulent exercise of the purchase option, Defendants' alleged interference with Plaintiff's attempts to show and sell the property to others, and Defendants' alleged failure to vacate the property when they no longer had a legal tenancy right. Under the Agreement, all payments and notices to Plaintiff were to be made to an agent in California, with the exception of the Initial Payment, which was to be wire-transferred to a New Mexico bank account. All notices to Defendants were to be made, and appear in fact to have been made, to Defendants in California. Defendants did contact Plaintiff in New Mexico by mail, facsimile, and telephone regarding the property, the Agreement, the option, and an extension of the option. Defendants wire-transferred to New Mexico not only the Initial Payment, but also a sum of money to extend the option clause of the Agreement. Plaintiff corresponded with Defendants from New

---

Count of the Complaint.

Mexico. Legal action related to the Agreement was taken (or threatened) by both parties in California.

Although Defendants Wilkinson and JWP International, Inc. were served on August 19, 1999, they have failed to appear or to plead or otherwise defend in this case, as provided by the Federal Rules of Civil Procedure and the local rules. Consequently, the Clerk's Office filed an Entry of Default as to these two Defendants. The next step would have been for the Court to enter a default judgment, after a possible hearing on damages. However, before a court may enter a default judgment, it must determine whether it has jurisdiction over the action. See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 771-772 (10th Cir. 1997); Williams v. Life Savings & Loan, 802 F.2d 1200, 1202-03 (10th Cir. 1986). While the Court has subject matter jurisdiction over this action based on diversity, see 28 U.S.C. § 1332, it does not have *in personam* jurisdiction over the Defendants. "In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment." Williams, 802 F.2d at 1203.

The plaintiff has the burden of showing that the Court has personal jurisdiction over nonresident defendants. See Pelton v. Methodist Hosp., 989 F.Supp. 1392, 1393 (D.N.M. 1997); Smith v. Halliburton Co., 118 N.M. 179, 185, 879 P.2d 1198, 1204 (Ct. App. 1994). The issue of personal jurisdiction over nonresident defendants is analyzed under the law of the forum – here, New Mexico. See Omni Capital Int'l Ltd. v. Rudolf

Wolff & Co., Ltd., 484 U.S. 97, 104-05 (1987); Sunwest Silver, Inc. v. International Connection, Inc., 4 F.Supp.2d 1284, 1286 (D.N.M. 1998). Under New Mexico law, personal jurisdiction is analyzed in light of the state's long-arm statute and federal constitutional due process principles. See CABA Ltd. Liab. Co. v. Mustang Software, Inc., __ N.M. __, __, 984 P.2d 803, 807 (Ct. App. 1999).

New Mexico's long-arm statute provides in relevant part:

> A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
> (1) the transaction of any business within this state; . . .
> (3) the commission of a tortious act within this state[.]

N.M. Stat. Ann. §§ 38-1-16(A) (Repl. Pamp. 1998). "The constitutional standard requires that before a nonresident defendant may be sued in a forum state, the defendant must have sufficient minimum contacts with the forum state so that permitting the action will not violate 'traditional concept[s] of fair play and substantial justice.'" DeVenzeio v. Rucker, Clarkson & McCashin, 121 N.M. 807, 809, 918 P.2d 723, 725 (Ct. App. 1996) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)); see World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-297 (1980). "[I]t is essential in each case that there be an act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum" state, and thereby invokes the benefits and protections of the forum's law. Hanson v. Denckla, 357 U.S. 235, 253

4

(1958); see F.D.I.C. v. Hiatt, 117 N.M. 461, 464, 872 P.2d 879, 882 (1994) (Hanson purposeful availment test is focus of minimum contacts analysis).

New Mexico caselaw has distilled the statutory and constitutional requirements into a three-part test: a plaintiff must show that (1) the defendants committed one of the acts enumerated in the long-arm statute, (2) the cause of action arises from that act, and (3) the defendants' contacts with New Mexico are sufficient to satisfy the due process requirements of the federal Constitution. See CABA, __ N.M. at __, 984 P.2d at 808; see also Hiatt, 117 N.M. at 463, 872 P.2d at 881. "The first and third step of this test have been repeatedly equated with the due process standard of minimum contacts." Hiatt, 117 N.M. at 463, 872 P.2d at 881 (internal quotations omitted).

The first ground in this case for the exercise of personal jurisdiction under New Mexico's long-arm statute involves the transaction of business within the state. See N.M. Stat. Ann. § 38-1-16(A)(1). The concept of "transacting business" is not to be applied mechanically. See Tarango v. Pastrana, 94 N.M. 727, 728, 616 P.2d 440, 441 (Ct. App. 1980); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478-79 (1985). An individual's contract with an out-of-state party does not alone "automatically establish significant minimum contacts in the other party's forum. . . ." Burger King, 471 U.S. at 478; see CABA, __ N.M. at __, 984 P.2d at 809. Furthermore, the contacting of a New Mexico resident by mail, facsimile, and/or telephone services by an out-of-state resident or domiciliary does not ordinarily constitute "minimum contacts" or rise to the level of "purposeful availment" of opportunities in New Mexico – and, thus, does not rise to the

5

threshold of "transacting business."  See CABA, __ N.M. at __, 984 P.2d at 810-11; DeVenzeio, 121 N.M. at 809-10, 918 P.2d at 725-26.  There are no facts in the record to support an invocation of an exception to this rule.  Defendants did not enter New Mexico in connection with the Agreement at issue, the Agreement concerned the lease and possible purchase of real estate located in California, and most of the contractual obligations were to be performed outside of New Mexico.[2]  There is no evidence that Defendants purposefully sought to transact business with a New Mexican in New Mexico.  Rather, it appears that it just so happened that the California property Defendants were interested in leasing and/or purchasing was owned by a New Mexico resident.  Defendants' contacts with New Mexico through the use of mail, telephone, and other communication services and their payments to Plaintiff via wire transfers to New Mexico were mere incidents of Defendants' lease/option Agreement with a New Mexico resident for California property.  See DeVenzeio, 121 N.M. at 811, 918 P.2d at 727.  Therefore, the Court finds that Defendants' contacts with New Mexico were too attenuated, ancillary, or fortuitous for this Court to exercise personal jurisdiction over Defendants in the name of Defendants' "transacting business" within New Mexico.  See Burger King, 471 U.S. at 475-76, 486.

The second ground in this case for establishing personal jurisdiction under New Mexico's long-arm statute is the "commission of a tortious act" within the state.  N.M.

---

[2] There is no evidence on how Defendants knew the subject property was for lease/sale or how the parties became aware of one another.

Stat. Ann. § 38-16(A)(3). An argument for jurisdiction here is that the effect of Defendants' tortious conduct was felt by Plaintiff in New Mexico when she suffered economic injury. However, the concept of a "commission of a tort" is not to be applied mechanically. See Tarango, 94 N.M. at 728, 616 P.2d at 441; see also DeVenzeio, 121 N.M. at 810, 918 P.2d at 726. The mere effect in New Mexico of wrongful activity elsewhere is insufficient to establish personal jurisdiction – even when that effect may have been foreseeable to the defendants. See DeVenzeio, 121 N.M. at 811, 918 P.2d at 727; Tarango, 94 N.M. at 728-29, 616 P.2d at 441-42. The tortious conduct of Defendants as alleged in the Complaint (e.g., refusal to make the home available for sale and hampering Plaintiff's efforts to sell the home to third parties; legal action and abuse of process taken to defer eviction, delay sale, and harass Plaintiff; making fraudulent or false representations) was committed in California and concerned a lease/option agreement for California real estate. There is no showing that the Defendants engaged in or committed the alleged wrongful acts in New Mexico. Therefore, the Court finds that Defendants' alleged tortious acts do not rise to the level of minimum contacts or purposeful availment of opportunities in New Mexico.

Plaintiff has failed to demonstrate that permitting this action will be in accordance with Defendants' rights to due process and with "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316 (internal quotations omitted). Therefore, because the Court lacks personal jurisdiction over the Defendants, the Court will set aside the Clerk's Entry of Default in this action.

"Although the Court does not have personal jurisdiction over Defendant[s], it need not dismiss Plaintiff['s] action with prejudice." Rogers v. 5-Star Mgt., Inc., 946 F.Supp. 907, 914 (D.N.M. 1996). Pursuant to 28 U.S.C. § 1631, the Court may transfer an action to any other court in which the action could have been brought, if it is in the interest of justice to do so. It appears that the United States District Court for the Central District of California would have personal jurisdiction over Defendants. There also appears no reason why Plaintiff could not have brought this action in the Central District of California at the time the action was filed. The Court, therefore, will transfer, in the interest of justice, this action to the Central District of California.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk's Entry of Default, filed October 19, 1999 [Doc. No. 11], should be, and hereby is, SET ASIDE.

**IT IS FURTHER ORDERED** that, in the interest of justice and pursuant to 28 U.S.C. § 1631, this action be TRANSFERRED to the United States District Court for the Central District of California.

_____
SENIOR UNITED STATES DISTRICT JUDGE


Counsel for Plaintiff: *Pro Se*, Angel Fire, New Mexico

Counsel for Defendants: Unknown/Unrepresented